```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TENNESSEE
             EASTERN DIVISION
```

PAUL WILLIAMS
a/k/a Paul Williams EL,

    Plaintiff,

v.                                No.: 1:15-cv-1186-JDT-egb

MATTHEW F. STOWE,
District Attorney General on
Behalf of Hansel MccAdams[sic] on
Behalf of the State of Tennessee,
               *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Before the Magistrate Judge on referral are the Motions to Dismiss filed by Defendant Trooper Mark Jackson [D.E. 12] and Defendants Judge Charles McGinley, District Attorney General Matthew Stowe, and Assistant District Attorney General Adam Jowers, by and through the Office of the Attorney General [D.E. 15]. Plaintiff has responded, opposing the motions.

### The Motion to Dismiss Defendant Jackson

Plaintiff brings this civil rights action under 42 U.S.C. §1983 against multiple defendants. Doc. 1 – Compl. at 1. Plaintiff filed this suit in July 2015. *Id*. The claims against Defendant Trooper Mark Jackson stem from a May 2013 traffic stop and arrest. *Id.* at 6. Essentially, Plaintiff claims Defendant Trooper Jackson

wrongfully arrested Plaintiff in May 2013. *Id.* Plaintiff seeks money damages from Defendant Trooper Jackson. *Id.*

Defendant Jackson moves to dismiss all claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that all claims against him are barred by a one-year statute of limitations. Plaintiff responds with a convoluted claim of fraud, and makes an unusual claim of lack of jurisdiction over the licensee and the subject matter. Plaintiff cites no case law in support of his position.

42 U.S.C. § 1983 does not provide its own statute of limitations. As Defendant correctly notes, in all actions brought under §1983 alleging a violation of civil rights or personal injuries, the state statute of limitations governing actions for personal injuries is to be applied. *Wilson v. Garcia*, 471 U.S. 261 (1985). The statute of limitations period applicable to claims under §1983 is the statute of limitations period for personal injury actions in the state where the cause of action originated. *Hall v. Spencer County, Ky.*, 583 F.3d 930, 933 (6th Cir. 2009). Here, all the events occurred in or near Carroll County, Tennessee in May 2013. Thus, Tennessee's limitations period for actions brought under federal civil rights statutes or for personal injuries is one year and control this case. *See* Tenn. Code Ann. § 28-3-104(a)(3); *see also Berndt v. State of Tenn.*, 796 F.2d 879, 883 (6th Cir. 1986).

The date on which the statute of limitations begins to run in a §1983 action is a question of federal law. *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997). Generally, the statute of limitations period begins when the plaintiff knows or has reason to know of the injury which is the basis of his action. *Id*. Therefore, on the day of the alleged wrongful arrest, Plaintiff had one year to file his civil rights claims. However, Plaintiff did not file this suit until July 2015, well outside of the statute of limitation outlined in Tenn. Code Ann. § 28–3–104(a)(3). For these reasons, the Magistrate Judge recommends that Defendant Jackson's Motion to Dismiss be granted.

### Motion to Dismiss Defendants Judge Charles McGinley, District Attorney General Matthew Stowe, and Assistant District Attorney General Adam Jowers

Plaintiff brings this action for money damages for alleged violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983 and § 1985 against Judge McGinley, District Attorney General Matthew Stowe, and Assistant District Attorney General Jowers. Complaint, *generally* & p. 2. While Plaintiff states that he is suing General Stowe in his official and individual capacities, *Id*. p. 2, Plaintiff clarifies that General Stowe is sued only because he is the current District Attorney; he was not so employed at any relevant time during the Complaint. *Id.* Thus, Plaintiff appears to be suing only the Office of the District Attorney General. *See also* Complaint p. 5 "Relief Sought."

Plaintiff alleges that he was prosecuted without probable cause on September 23, 2009, October 8, 2009 and May 13, 2013. Complaint pp. 4-5. Plaintiff did not appeal the 2009 prosecutions, he served the second sentence and was released on April 20, 2011. *Id.* p. 4.On January 9, 2014, a jury convicted Plaintiff of Tenn. Code Ann. § 55-50-504(a)(1). Plaintiff appealed that conviction because, he argued, another Paul Williams had incurred the prior convictions. *Id.* The Appellate Court affirmed on April 7, 2015. *Id.* p. 5. Plaintiff then filed a Petition to Rehear, which was denied on April 20, 2015. *Id.* Plaintiff alleges that Judge McGinley sentenced the Plaintiff for these offenses even though there was no evidence or probable cause. Complaint p. 7.

Plaintiff alleges that these prosecutions and sentences violated his constitutional rights. Complaint, p. 8. He seeks millions of dollars in compensatory and punitive damages from each Defendant. *Id*.

As Defendants point out, however, the suit against these Defendants in their official capacities is barred by the Eleventh Amendment. The Eleventh Amendment of the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or in equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

Additionally, the Eleventh Amendment has been construed by the Supreme Court to bar actions by citizens against their own state in federal court. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment immunity has not been abrogated by 42 U.S.C. §1983. *Quern v. Jordon*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). A suit against a state official in his official capacity is considered to be a suit against the state. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309-10,105 L.Ed.2d 45 (1989); *see also Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). Thus, the Eleventh Amendment bars suits for money damages against state officials sued in their official capacities. *Id.*

Defendants further point out that the State, its agencies and state officials sued in their official capacity for money damages are not "person[s]" for the purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989) ("But a suit against a state official is not a suit against the official but rather is a suit against the official's office"); *Howlett v. Rose*, 496 U.S. 356, 365 (1990). This defense cannot be waived. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Judge McGinley, District Attorney General Stowe, and Assistant District Attorney General Jowers are state employees. *See* Tenn. Code Ann. §8-42-101(3)(A); Tenn. Code Ann.

5

§16-10-102; Tenn. Code Ann. § 8-7-201. The Office of the District Attorney General is a state entity. Tenn. Code Ann. § 8-7-101, *et. seq*.

Because claims against these Defendants are barred by the Eleventh Amendment and because Defendants are not "persons" in their official capacities, the Magistrate Judge recommends that this Motion to Dismiss be granted.

Alternatively, the Complaint is barred by the one-year statute of limitations. As set forth above in the discussion regarding Defendant Jackson's Motion, because 42 U.S.C. § 1983 does not provide its own statute of limitations, Plaintiff had one year after the claim accrued in which to bring this action against the State of Tennessee. *See Berndt v. State of Tennessee,* 796 F.2d 879 (6th Cir. 1986). Here, the Complaint is based on four different prosecutions, occurring September 23, 2009, October 8, 2009, May 13, 2013 and January 9, 2014. Complaint, generally. Plaintiff filed this Complaint July 27, 2015, over five (5) years after the first two convictions, over two years after the third conviction, and over one year after the 2014 conviction. It is clear from the face of the Complaint that all claims arising out of any alleged actions resulting in those convictions are barred by the one-year statute of limitation. Therefore, the Magistrate Judge recommends that the Complaint be dismissed in its entirety as time-barred, as it pertains to these Defendants.

As additional grounds for granting the Motion with regard to General Stowe, Plaintiff admits he only named Stowe as a representative of the previous District Attorney General. He does not bring specific allegations against Stowe nor can he complain of any specific act committed by Stowe. As Defendants correctly note, supervisors cannot be held liable under § 1983 solely on the basis of *respondeat superior*; liability under §1983 cannot be based upon "a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff fails to state any claim against General Stowe. Therefore, the Magistrate Judge recommends that this Complaint against General Stowe be dismissed in its entirety.

With regard to Judge McGinley, the doctrine of judicial immunity protects Judge McGinley from suit in the instant action. A judge performing his judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S.Ct. 286, 286-87, 116 L.Ed.2d 9 (1991). Judge McGinley is a judge for the Twenty-Fourth Judicial District. Complaint p. 2. As such, Judge McGinley has jurisdiction to hear criminal matters. Tenn. Code Ann. §16-10-101. The act complained of in the instant suit, sentencing, is clearly a judicial act.

As Defendants point out, judicial immunity "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and

eventual trial." *Mireless*, 502 U.S. at 11-12; 112 S.Ct. at 287-88; *see also King v. Love*, 766 F.2d 962 (6th Cir.), *cert. denied* 474 U.S. 971, 106 S. Ct. 351, 88 L.Ed.2d 320 (1985). Absolute immunity protects a judge from civil suit even though the judge may have violated state and/or federal procedural requirements regarding contempt citations. *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972).

There are only two exceptions to judicial immunity: a judge is not entitled to judicial immunity (1) when the judge is not performing a judicial function; and/or (2) when the judge acts in complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11-12; 112 S.Ct. at 288. Neither of those exceptions apply in this case. Because Judge McGinley was performing judicial acts within his jurisdiction, he is absolutely immune from suit for monetary damages. Thus, the Magistrate Judge recommends that all claims against him be dismissed.

Finally, any claims for money damages against Defendant Jowers, or any other prosecutor, in their individual capacity, are barred by the doctrine of prosecutorial immunity. Plaintiff's only averment against General Jowers is that he prosecuted Plaintiff knowing that he did not have probable cause to do so. Complaint. The doctrine of prosecutorial immunity bars claims against prosecutors for performing their prosecutorial functions. "[A] prosecutor enjoys absolute immunity from § 1983 suits for damages

when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S. Ct. 984, 99, 47 L.Ed.2d 128 (1976). The decision to prosecute, "even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in *Imbler*." *Joseph v. Patterson*, 795 F.2d 549, 554 (6th Cir. 1986). Since *Imbler,* the doctrine of prosecutorial immunity has broadened beyond merely "initiating a prosecution and … presenting the State's case." *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (quoting *Imbler*, 424 U.S. at 431). Prosecutorial immunity applies to "any activities taken in connection with [one's] duties in functioning as a prosecutor." *Id.* (citations omitted). Prosecutorial immunity remains an absolute bar for a damages suit even if the action is based upon knowingly false information. S*ee Joseph v. Patterson*, 795 F.2d 549, 555 (6th Cir. 1986), *cert. denied*, 481 U.S. 1023, 107 S.Ct. 1910, 95 L.Ed.2d 516 (1987) (The prosecutors were absolutely immune from knowingly obtaining arrest warrants based on false and coerced statements.). Simply put, the allegation of "prosecuting," whether without probably cause or based on mistake, always falls within the ambit of prosecutorial immunity.  For these reasons, the Magistrate Judge recommends all claims for monetary damages against Defendant Jowers be dismissed.

In conclusion, the Magistrate Judge recommends that this Motion to Dismiss be granted.

<u>Conclusion</u>

For these reasons, the Magistrate Judge recommends that the District Court grant the Motions to Dismiss.

Respectfully Submitted this 28th day of September, 2016.

**<u>s/Edward G. Bryant</u>**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**