IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| PAUL WILLIAMS a/k/a<br>PAUL WILLIAMS EL,<br><br>    Plaintiff,<br><br>VS.<br><br>MATTHEW F. STOWE, ET AL.,<br><br>    Defendants. | No. 15-1186-JDT-egb |

ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING MOTIONS TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Paul Williams a/k/a Paul Williams El, a resident of Huntingdon, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 27, 2015 (ECF No. 1) and paid the civil filing fee (ECF No. 3). Plaintiff sued Matthew F. Stowe, the District Attorney General for the Twenty-Fourth Judicial District of Tennessee; Assistant District Attorney Adam Jowers; Tennessee State Trooper Mark Jackson; Circuit Court Judge C. Creed McGinley; and Carroll County Sheriff Andy Dickson.

Defendant Jackson filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 10, 2016 (ECF No. 12), and Plaintiff filed a response on May 20, 2016 (ECF No. 19). Defendants Jowers, McGinley and Stowe filed a similar motion to dismiss on May 11, 2016 (ECF No. 15), to which Plaintiff also filed a response on May 20, 2016 (ECF No. 18). On September 28, 2016, U.S. Magistrate Judge Edward G. Bryant issued a Report and Recommendation ("R&R") in which he recommended granting the motions to dismiss filed on behalf of Jackson,

Stowe, McGinley and Jowers. (ECF No. 36.) Plaintiff filed timely objections to the R&R on October 6, 2016. (ECF No. 41.)

The claims in this case arise out of Plaintiff's three prior convictions in Carroll County Criminal Court that were prosecuted by Defendant Jowers and over which Defendant McGinley presided. The first was a 2009 conviction (case #09CR162, ECF No. 5-1 at 4) for driving on a suspended license, violation of the passenger restraint law and violation of the motor vehicle registration law. *See State v. Williams*, No. W2009-02179-CCA-R3-CD, 2010 WL 2539699 (Tenn. Crim. App. June 23, 2010), *perm. app. denied*, (Tenn. Nov. 12, 2010). Plaintiff's second conviction was a 2010 conviction (case #10CR33, ECF No. 5-1 at 5) for driving on a cancelled, suspended or revoked license, second offense. *See State v. Williams*, No. W2010-00598-CCA-R3-CD, 2011 WL 1457741 (Tenn. Crim. App. Apr. 15, 2011), *perm. app. denied*, (Tenn. Aug. 24, 2011) ("*Williams II*"). Following Plaintiff's arrest by Defendant Jackson on May 13, 2013, Plaintiff was convicted in 2014 (case #13CR158, ECF No. 5-1 at 6-7) for driving on a cancelled, suspended or revoked license with a prior offense and violation of the registration law. *See State v. Williams*, No. W2014-00231-CCA-R3-CD, 2015 WL 1593725 (Tenn. Crim. App. Apr. 7, 2015), *perm. app. denied*, (Tenn. July 29, 2015) (*Williams III*).[1]

Plaintiff now asserts claims for false arrest and imprisonment and malicious prosecution, contending that his convictions and the sentences imposed violated his constitutional rights. He

---

[1] For the 2009 conviction, Plaintiff received a sentence of six months in jail, with only two days to be served and the rest on probation. (ECF No. 5-1 at 4.) Plaintiff received a jail sentence of six months for the 2010 conviction, with no probation, and his probation for the first conviction was revoked. (*Id.* at 5; *see also Williams II*, at *5-6.) The 2014 conviction resulted in an effective jail sentence of eleven months and twenty-nine days. (ECF No. 5-1 at 6-7; *see also Williams III*, at *1.)

2

further alleges that the convictions were based on the driving record of a different Paul Williams. In the R&R, Magistrate Judge Bryant determined that most of Plaintiff's claims are barred by the applicable statute of limitations and that the complaint fails to state a claim; therefore, he recommends granting the motions to dismiss filed by Defendants Jackson, Stowe, McGinley and Jowers.

The Magistrate Judge found that Plaintiff has no valid claims against Defendant Stowe, and Plaintiff has conceded in his objections that he failed to state a claim against this Defendant. (*See* ECF No. 41 at 2.)

With regard to the claims against Defendant Jackson for false arrest and false imprisonment, the arrest in question occurred on May 13, 2013. Plaintiff's complaint in this case was filed on July 27, 2015; therefore, Magistrate Judge Bryant determined that the claim was barred by the one-year statute of limitations in Tennessee Code Annotated § 28-3-104(a)(1)(B) (formerly subdivision (a)(3)). Plaintiff objects that the statute did not begin to run until his appeals in the prosecution arising out of that arrest were final and he had fully served his time, on March 29, 2016. (ECF No. 41 at 4.)

Plaintiff's objection is without merit. A claim for false arrest or imprisonment accrues at the time of arrest or, at the latest, when detention without legal process ends. In *Wallace v. Kato*, 549 U.S. 384, 391-92, 397 (2007), the Supreme Court explained:

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process* — when, for example, he is bound over by a magistrate or arraigned on charges. . . . Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process. . . . "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that

point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." . . . Thus, petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected. It ended much earlier, when legal process was instituted against him, and the statute [of limitations] would have begun to run from that date.

*Id.* at 389-90 (emphasis in original; footnote and citations omitted).[2] The Sixth Circuit has held that a Fourth Amendment claim based on an allegedly unlawful arrest accrues at the time of arrest. *Fox v. DeSoto*, 489 F.3d 227, 233, 235 (6th Cir. 2007). In this case, the complaint alleges that an indictment was issued the same day as the arrest, May 13, 2013. (ECF No. 1 at 3.) Therefore, Plaintiff was held pursuant to legal process at that time, and the statute of limitations ran from that date. Any claims for false arrest and false imprisonment against Defendant Jackson are time barred.

Magistrate Judge Bryant further determined that Plaintiff's official capacity claims against Defendants McGinley and Jowers are barred by Eleventh Amendment immunity.[3] While Plaintiff argues that the Eleventh Amendment does not apply to bar his claims against McGinley in this case, that argument is not well taken. The Magistrate Judge's recommendation to dismiss all of Plaintiff's official capacity claims is sound.

With regard to the individual capacity claims against Defendants McGinley and Jowers, the Magistrate Judge found that the claims are barred by judicial and prosecutorial immunity, respectively. Plaintiff argues that the Defendants are not immune because the charges against him

---

[2] *See also id.* at 390 n.3 ("This is not to say, of course, that petitioner could not have filed suit immediately upon his false arrest. While the statute of limitations did not begin to run until petitioner became detained pursuant to legal process, he was injured and suffered damages at the moment of his arrest, and was entitled to bring suit at that time.").

[3] Even if they were not untimely, the official capacity claims against Defendant Jackson, a Tennessee State Trooper, would also be barred by Eleventh Amendment immunity.

4

were unfounded and were not supported by any evidence. However, such allegations are insufficient to defeat either judicial or prosecutorial immunity.

Plaintiff also has no claim against any Defendant for malicious prosecution, as one of the elements of such a claim is that the criminal prosecution must have been terminated in his favor. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). Here, Plaintiff appealed each of his convictions, but the appeals were unsuccessful and Plaintiff apparently has now completely served his sentences. Therefore, the favorable termination requirement has not been satisfied.

Furthermore, any claims for money damages stemming from Plaintiff's allegedly unlawful convictions are barred by the holding in *Heck*, in which the Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. at 486-87 (footnotes omitted). Thus, a plaintiff has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of an order directing his confinement unless and until any prosecution is ended in his favor,

an existing conviction is set aside, or the confinement is declared illegal. *Id.* at 481-82; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). None of those things has happened with regard to Plaintiff's prior convictions.

Having reviewed the pleadings and the applicable law, the Court agrees with Magistrate Judge Bryant's conclusions and his recommendation. Plaintiff's objections are overruled, and the R&R is ADOPTED. Therefore, the motions to dismiss on behalf of Defendants Jackson, Stowe, McGinley and Jowers are GRANTED.

Plaintiff's claims against Defendant Dickson were added in an amendment to the complaint filed on February 22, 2016. (ECF No. 7.) The Magistrate Judge construed the amendment as Plaintiff's second attempt to amend his pleadings and issued an order on September 28, 2016, construing the document as a motion and denying leave to amend as futile. (ECF No. 37 at 4-6.) However, Plaintiff had already served Defendant Dickson, who filed a motion to dismiss on May 26, 2016. (ECF No. 25.) Although Plaintiff has had ample opportunity to respond to the motion, he has not done so.[4]

Plaintiff's allegations against Defendant Dickson are vague, but he appears to allege that Dickson knew Plaintiff's 2013 arrest and imprisonment were unlawful, yet he failed to "protect" Plaintiff by refusing to appear at Plaintiff's "invalid bond" hearing in General Sessions Court in September 2015. (ECF No. 7 at 2.) He contends this violated his right to due process and equal

---

[4] Although Defendant Dickson has attached his affidavit to the motion to dismiss, the Court has determined that Plaintiff's allegations against Dickson fail to state a claim. Therefore, the Court finds it unnecessary to consider the affidavit or to convert the motion to dismiss to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

protection of the law. (*Id.*) However, these allegations fail to state a claim on which relief may be granted.

Plaintiff does not allege that Defendant Dickson had any personal involvement in his arrest, prosecution, or incarceration or any independent knowledge that Plaintiff's incarceration was unlawful. Plaintiff states merely that he mailed notification of his claim to Dickson, recorded it with the Carroll County Recorder, and posted public notices in the local newspaper. (*Id.* at 1.)[5] However, Plaintiff concedes in his original complaint that the Tennessee Supreme Court denied his appeal on June 29, 2015,[6] so that he was ordered back into custody. (ECF No. 1 at 3.) In light of his conviction and sentence and the denial of his appeals, neither Plaintiff's continued insistence that he was falsely imprisoned nor his filing of a motion in General Sessions Court (ECF No. 8-3) seeking release obligated Defendant Dickson to accept Plaintiff's claims as true or created any duty on his part to investigate those claims or "protect" Plaintiff from incarceration.

The Court concludes that Plaintiff's allegation that his right to due process and his right to equal protection of the law were violated by Defendant Dickson's failure to appear at the General Sessions Court hearing fails to "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Therefore, Defendant Dickson's motion to dismiss is GRANTED.

Although Plaintiff paid the civil filing fee, the Court will consider whether he should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must

---

[5] The public notices were not posted until February 2016, several months after the General Sessions hearing was scheduled.

[6] As indicated, *supra*, the correct date is July 29, 2015.

obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to grant Defendants' motions to dismiss also compel the conclusion that an appeal by Plaintiff would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Therefore, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit directly in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE